P. W. ELECTRIC Co. *v.* BRO *et al.**

(Division B. Jan. 3, 1927.)

[110 So. 787. No. 26070.]

1. CORPORATIONS. *Secretary and treasurer may not pay personal debts of officers and employees out of corporate funds contrary to by-law.*

The secretary and treasurer of a corporation is not authorized to pay the personal debts of its officers and employees to other persons or concerns out of the funds of the corporation in violation of a by-law requiring the president of the corporation to approve the payment of all moneys out of the treasury of the corporation.

2. CORPORATIONS. *Paying personal debts of officers and employees out of corporate funds is not within apparent scope of authority of secretary and treasurer; persons dealing with secretary, paying debts of officers and employees out of corporate funds, are not protected, regardless of ignorance of by-law to contrary.*

It is not within the apparent scope of the authority of the secretary and treasurer of a corporation to pay its funds out to satisfy the personal debts of its officers and employees to third persons. Persons dealing with the secretary are not protected in such case, although they have no knowledge of the by-law of the corporation requiring the president's approval of the payment of all moneys out of the treasury of the corporation.

---

*Corpus Juris-Cyc. References: Corporations, 14aC. J., p. 353, n. 73; p. 354, n. 75; p. 447, n. 97, New, 1 New.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Action by H. E. Bro and another, doing business as the Tire Service Repair Company, against the P. W. Electric Company, brought in a justice of the peace court. From a judgment for plaintiff, defendant appealed to the circuit court, and, from its judgment for plaintiff, defendant appeals. Reversed, and judgment entered for defendant.

*R. L. Bullard,* for appellant.

The theory of appellee is based upon his proposition that he had the right to charge the individual accounts of Ware, Lindley and Peeler to the corporation by which they were employed, and that Ware, the secretary and treasurer, had the power to permit it, even against the positive refusal of the president and general manager. It will be noted that in doing this, Ware was not acting for the corporation to which he owed his loyal care and service, but for himself, Peeler, Lindley and the appellees. It was his duty to the corporation to collect from appellees for the benefit of the corporation, and not to settle his and their private accounts at the expense and loss of the corporation to which he owed this duty. An officer of a corporation occupies a position of trust and cannot bring his personal affairs in conflict with his duty. 10 Cyc. 912.

The lower court granted the peremptory instruction on the theory that the corporation was in debt to Ware, and that he, therefore, had a right to settle the accounts of himself and co-employees that way and charge themselves with the amounts. To this there are several answers: (1) They do not claim that the corporation was in debt to them. (2) Ware did not charge themselves with it. He admits that he did not and shows that the reason why he did not was that the president would not allow any such transaction. (3) Ware admits that such

a transaction was a violation of his duty under the by-laws he helped to make, but which he did not always live up to.

It is submitted that appellant was entitled to the peremptory instruction requested by it.

*Earle L. Wingo,* for appellees.

Appellant, through the duly elected and constituted secretary and treasurer, Joe B. Ware, undertook to and did settle personal accounts of several officers and employees of appellant with a debtor of the appellant, Service Tire Repair Shop, appellee. The record shows conclusively that it was authorized by some of the officers of the corporation, P. W. Electric Company, and at their special instance and request; that at the time, on January 10, 1925, the appellant was then indebted unto those officers and employees, and the balancing of this particular account was expressly ratified by the secretary and treasurer and vice-president; that no objection to the settlement was made known to appellee until several months later, when the president, Mr. A. K. McInnis, expressed an objection to H. E. Bro.

It makes no material difference what a corporation's by-laws provide if that corporation, by a custom, deliberately, voluntarily and knowingly departs from those by-laws; and they cannot later be heard to object to a continuation of that custom when the rights of innocent parties have become involved. This has always been a sound principle of law. Counsel for appellant cites 10 Cyc. 912. Who could have been more innocent than appellee, H. E. Bro, whose uncontradicted testimony was that he knew nothing of any by-laws of appellant? The opening statement in counsel for appellant's citation shows that the exception to the general rule involves innocent parties! And certainly there can be no question as to appellee being an innocent party. Appellee cites *Bank of Hollywood* v. *Pinson,* 58 Miss. 421.

The liability of the appellant in this case is so clear that we cannot appreciate the need of further citations.

ETHRIDGE, J., delivered the opinion of the court.

H. E. and Lamar Bro, doing business under the firm name "Tire Service Repair Company," filed suit against the P. W. Electric Company, a corporation, in a justice of the peace court for fifty-eight dollars and forty cents. An offset for ninety-three dollars and ninety-five cents was filed. There was judgment for the plaintiff in the justice of the peace court, from which an appeal was taken to the circuit court.

It appears that there had been mutual dealings between the P. W. Electric Company and the Tire Service Repair Company; that Joe B. Ware was secretary and treasurer of the P. W. Electric Company; that in one of the alleged settlements between the two companies Ware gave a receipt for a certain amount owing by certain individuals to the Tire Service Repair Company, including one of his personal accounts. This account is shown in the record as follows:

"P. W. Electric Company,
"In Account with Tire Service Repair Shop.
"Statement Rendered.

On account
H. D. Lindley .............................. $14.75
J. A. Peeler .............................. 13.00
Joe B. Ware .............................. 60.00
Check .............................. 6.10
                                          _____
                                          $93.95

"Accepted credit on account for $93.95. P. W. Electric Co., by Joe B. Ware. 2/21/25,"
—and constitutes the subject-matter of the dispute.

It appears from the testimony that J. B. Ware and J. A. Peeler desired to establish a business, but needed some financial assistance to do so, and made application

to one A. K. McInnis for same; that, after going over
the proposition, McInnis entered into a partnership with
them and furnished certain capital needed to establish
the said business; that Ware and Peeler began to draw
money out of the concern; that it became unsatisfactory
as a partnership, as originally entered into, and was in-
corporated; that one of the by-laws passed by the cor-
poration was that no money or moneys could be paid
out without the approval of the president, who was A.
K. McInnis. When the above-named items were pre-
sented to McInnis for approval as credits on the account
of the P. W. Electric Company, he refused to allow
them. Ware insisted that McInnis allow them, but Mc-
Innis stated to Ware that both Ware and Peeler were
largely overdrawn on the books of the corporation and
that he could not and would not consent thereto. The
first presentation of the items for credit, and the dis-
cussion relative therto, was on January 25th. Subse-
quently and without the consent of McInnis, Ware signed
the receipted account above set out, but it was never en-
tered upon the books, and the check was never collected.
Subsequently Ware resigned as secretary; Peeler had al-
ready disappeared; and each was largely indebted to
the corporation, Ware in the sum of one thousand eight
hundred dollars, and Peeler in the sum of two thousand
four hundred dollars. H. B. Lindley appears to have
been an employee of the P. W. Electric Company, but
was indebted to this corporation.

The plaintiff sought to prove that other transactions
had been made by Ware in which individual debts had
been accepted in settlement of accounts due the P. W.
Electric Company, but there is some dispute with refer-
ence to that.

At the conclusion of the testimony the circuit judge, on
motion by plaintiff for a peremptory instruction, deduct-
ed the check for six dollars (which had never been col-
lected) from the account and granted a peremptory in-
struction as to the balance of the amount sued for by

the plaintiff, and from that judgment this appeal is prosecuted.

We think it was improper to grant the peremptory in-. struction. The acceptance as credits on the account of the P. W. Electric Company of the amounts due by these individuals was in violation of the by-law of the corporation, and beyond the apparent scope of the authority of Ware, as it was beyond the actual authority of the secretary and treasurer to allow such accounts.

There is no dispute about the other accounts embraced in the suit, and the circuit judge should have sustained the motion of the defendant and directed a verdict for the difference between the plaintiff's account sued on and the ninety-three dollars and ninety-five cents improperly credited by Joe B. Ware and used as an offset.

The judgment of the lower court will therefore be reversed, and judgment rendered here for the appellant for the difference between the account sued on and the said amount.

*Reversed, and judgment here for appellant.*